Chief Justitíe Boyce
delivered the Opinion of the Court.
This was an action of assumpsit, brought by Jackson against Colyer.
The declaration alleges an agreement by the plaintiff to deliver to the defendant, on or before the first of May, 1822, at the house of John Jackson, in the county of Knox, five hundred gallons of tar; and that the defendant, in consideration thereof, promised to pay to the plaintiff, at. the. same time and place, one shilling a gallon for said tar, in a horse at cash value, and then avers a delivery in part, of the tar, by him, and a readiness at the time and place agreed on to deliver the residue, a.n.d a failure of the defendant to attend and receive-it, and to. pay therefor according to his contract.
The defendant pleaded non assumpsit, and on the trial in the circuit court the plaintiff produced and read in evidence the following writing:
“Eleventh of March 1322, received of James “ Jackson, one hundred and seventy-one gallons of “ tar, in part of five hundred gallons that I purchased of said Jackson, for which I am to pay “said Jackson one shilling per gallon, in a horse ee at his cash value, on the delivery of the balance “ of said five hundred gallons of tar, which tar and “ horse are to be delivered at John Jackson’s on or “ before the first day of May 1822.”
C. COLYER.
Decision of (.ho circuit court.
Since tlifc statute' of 1812, giving to unsealed instruments the effect of sealed, 4 Lit* loll L. K. 385,1 Dig. Lv K. 264-8,' they cannot be given in evidence in support of an assumpsit.
The recital n. a deed, and note in a receipt or other writing not sealed, of a parol agreement previously made, is a covenant and merges the parol ccnrtract.
He also read another receipt signed by. the defendant, for 119 gallons of tar, in part discharge of bis part of the contract, and proved that he had the residue of 500 gallons at the time and place agreed on, ready to deliver to the defendant.
On this evidence, the defendant moved the court to instruct the jury, that the plaintiff had misconceived his action, and the writings aforesaid were uot admissible evidence in support of the assumpsit laid in the declaration; but the court overruled the motion, to which the defendant excepted, and a verdict and judgment having been rendered against him, he has brought the case to this court by writ of error.
That the circuit court erred in uot giving the instructions asked by the defendant in that court, there can be no doubt. In the case of McDaniel vs: Greenup’s Ex’rs. 2 Marshall 568, it was decided that a writing signed, but not scaled, executed as the one in this case was, since the passage of the act of 1812, giving to such instruments the force and effect of specialties, cannot be given in evidence in an action of assumpsit, upon the same principles that a sealed instrument coaid not before the passage of that act.
It is contended that the writing in this case was only intended to be a receipt for the tar, which was then delivered, and not as a contract, and that the terms of the contract, which existed in parol only, were referred to merely to shew on what account the tar was received. It is true, no doubt, that the terms of the contract were agreed on before the writing was executed, and may be then said to exist in parol only, prior to the execution of the writing; but the same may he said of every contract which is afterwards reduced to writing, and in this case, as in every other where the parol contract is reduced to writing, to which the law gives the efficacy of a deed, it becomes thereby merged in the written contract, upon which the party is alone allowed to seek his redress for its violation, nor is there any technical form of words necessary to give to a deed. She effect of merging the parol agreement
Barry for plaintiff; Kinkead and Denny for defendant.
The recital in the deed of the parol agreement will be sufficient for that purpose.
Thus when on the demise of a coal mine it was recited in an indenture, “ that before that time it “had been agreed that the plaintiff should have the “ third part dug,” &c. on an action of Covenant being brought it was objected that there was no covenant, that the plaintiff was to have the third part; but by Hobart, were it but a recital that before the indenture they were agreed,it is a covenant; so to say, whereas it was agreed to pay £20, for now the indenture confirms the former agreement by such declaration, and makes it a covenant, Barford vs. Picard, S Kib. 465, cited Esp. Ni. Pri. 268.
The judgment must be reversed with costs, and cause be remanded, that further proceedings may be had not inconsistent herewith.